UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25823-ALTMAN

**PHILIP HOUK**,

    *Petitioner*,

v.

**R. D. MORRIS**,

    *Respondent.*

_____/

## ORDER

The Petitioner, Philip Houk, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition [ECF No. 1]. Houk challenges a federal judge's decision to commit him to the custody of the U.S. Attorney General, arguing that a "conflict of interest caused" his lawyer "to commit fraud" before the court, that "no hearing was held," and that the "expert evidence" the district court relied on in finding Houk incompetent was "highly inaccurate" and "never challenged or disclosed[.]" *Id.* at 6. He asks us to "set aside [the] District Court's order," "remand for [a] hearing," and "return [him] to the district" where he's being prosecuted. *Id.* at 7. As we'll explain, though, we can't adjudicate Houk's Petition because he's still challenging this same commitment order on appeal. We therefore **DISMISS** the Petition.

### THE STANDARD

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C § 2241(c)(3)). "Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden,*

*Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (cleaned up). A district court may not grant a § 2241 petition unless the petitioner has first exhausted all available administrative remedies. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) ("[We] hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."), *overruled on other grounds by Santiago-Lugo v. Warden*, 785 F.3d 467, 471–72 (11th Cir. 2015).

The Supreme Court has long held that a writ of habeas corpus cannot be granted before trial if a criminal defendant has the opportunity to challenge the legality of his prosecution in his criminal case. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942) ("[T]he writ of habeas corpus should not do service for an appeal.").

## DISCUSSION

Houk was indicted in the Northern District of Alabama on charges of attempted kidnapping and interstate violation of a protection order. *See* Indictment, *United States v. Houk*, No. 24-CR-00281-MHH (N.D. Ala. July 31, 2024), ECF No. 1. On March 25, 2025, U.S. Magistrate Judge Nicholas A. Danella granted the Government's request that Houk undergo a competency evaluation under 18 U.S.C. §§ 4241 and 4242 and committed Houk to the custody of the Attorney General. *See* Order Granting Government's Motion for Mental Health Evaluation, *United States v. Houk*, No. 24-CR-00281-MHH (N.D. Ala. Mar. 25, 2025), ECF No. 24. After the Bureau of Prisons submitted two sealed psychiatric reports, Houk's lawyer and the Government "agree[d] to submit the issue of Mr. Houk's competency for determination" by the court "[i]n lieu of an evidentiary hearing pursuant to 18 U.S.C. § 4241(c)[.]" Joint Stipulations Regarding Competency, *United States v. Houk*, No. 24-CR-00281-MHH (N.D. Ala. July 11, 2025), ECF No. 32 ¶ 4. Magistrate Judge Danella found that Houk

2

was "mentally incompetent" "by a preponderance of the evidence" and committed him "to the custody of the Attorney General for competency restoration treatment and examination." Commitment Order, *United States v. Houk*, No. 24-CR-00281-MHH (N.D. Ala. July 15, 2025), ECF No. 33 at 2–3. On September 8, 2025, Houk filed a *pro se* notice of appeal of Magistrate Judge Danella's Commitment Order. *See* Notice of Appeal, *United States v. Houk*, No. 24-CR-00281-MHH (N.D. Ala. Sept. 8, 2025), ECF No. 41. That appeal remains pending. *See generally* Docket, *United States v. Houk*, No. 25-13089 (11th Cir. Sept. 8, 2025).

Houk, who was subsequently transferred to the Federal Detention Center in Miami, Florida, now asks us to "set aside" Magistrate Judge Danella's Commitment Order. Petition at 7. We won't be doing that. Habeas corpus is an inappropriate vehicle to resolve an issue that can (and should) be resolved in a defendant's pending criminal case. *See Pyatt v. United States*, 2024 WL 3345781, at *2 (S.D. Fla. June 4, 2024) (Altman, J.) ("[T]he Supreme Court has held—for over one-hundred years—that a trial judge cannot grant a writ of habeas corpus before trial if a criminal defendant has the opportunity to challenge the legality of his prosecution in his criminal case."). And Houk's appeal of his Commitment Order is still unresolved, so there's nothing we can do here—even if his claims are meritorious. *See Whitney v. Dick*, 202 U.S. 132, 136 (1906) ("The writ of habeas corpus is not the equivalent of an appeal or writ of error."); *Adams*, 317 U.S. at 274 ("Of course, the writ of habeas corpus should not do service for an appeal."); *United States v. Frady*, 456 U.S. 152, 165 (1982) (same). We therefore **DISMISS** the Petition as premature. *See, e.g.*, *Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) ("While a pre-trial detainee, Garcon filed the instant habeas petition arguing . . . his indictment was invalid . . . . The claim[ ] Garcon sought to raise [is] properly brought during his criminal case and subsequent direct appeal, should he choose to file one. Therefore, the instant petition was premature and was due to be dismissed."); *see also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority

3

in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action.").

We therefore **ORDER AND ADJUDGE** that Philip Houk's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on December 17, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Philip Houk, *pro se*